Filed 2/18/15  P. v. Thompson CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR DAGRIAN THOMPSON,<br><br>    Defendant and Appellant. | B258931<br><br>(Los Angeles County<br>Super. Ct. No. TA130147) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

After the trial court denied his motion to suppress evidence, defendant Omar Dagrian Thompson pled no contest to one count of sale or transportation of marijuana. On appeal, defendant's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that no arguable issue exists. We have reviewed the entire record and find no arguable issue. We affirm the judgment.

## FACTS AND PROCEDURE

Defendant was charged with one count of transportation or selling marijuana (Health & Saf. Code, § 11360, subd. (a)) and one count of possession of marijuana for sale (Health & Saf. Code, § 11359). Defendant sought to suppress evidence of marijuana found in the trunk of his vehicle arguing that defendant was unlawfully stopped and that he was in custody at the time officers asked him without *Miranda* warnings if he had anything illegal in his vehicle. (*Miranda v. Arizona* (1966) 384 U.S. 436.)

At the hearing on defendant's motion to suppress evidence, Officer Joshua Wells and Detective Ryan Layaye testified. Officer Wells followed defendant when he left a house that had been under surveillance. Officer Wells observed defendant speed and change lanes unsafely and without signaling. Officer Wells asked Detective Layaye to conduct a traffic stop. Detective Layaye also observed defendant's vehicle speeding.

Detective Layaye activated his lights and defendant pulled to the side of the road. Detective Layaye asked defendant to exit the vehicle. Detective Layaye did not have a weapon in his hand. Defendant was not handcuffed. Detective Layaye asked defendant if there was anything illegal in the vehicle, and defendant responded that he had 20 pounds of marijuana. After defendant said he had 20 pounds of marijuana in his trunk, Detective Layaye placed him in handcuffs.

Officer Wells walked to the trunk of defendant's vehicle, smelled marijuana, opened the trunk, and found a bag containing marijuana.

Following the hearing, the court denied defendant's motion to suppress, and defendant pled no contest to one count of offering to sell or transport marijuana. Imposition of sentence was suspended, and defendant was placed on probation.

2

**DISCUSSION**

The court appointed counsel to represent defendant. Counsel filed a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436 identifying no issues. Defendant did not file a supplemental brief. We have reviewed the entire record and find no arguable issue on appeal and are satisfied that defendant's attorney has fully complied with the responsibilities of counsel. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; see also *People v. Kelly* (2006) 40 Cal.4th 106, 111; *People v. Wende, supra*, at p. 441.)

**DISPOSITION**

The judgment is affirmed.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.